RICHARDSON v SCHLOSSER

Physicians and Surgeons—Malpractice—Directed Verdict—Question of Fact.

> A directed verdict for a defendant surgeon in a medical malpractice case was not proper where the record establishes that fact questions existed as to whether the defendant surgeon was negligent in not adequately securing the decedent's split sternum in a first operation and in inadvertently lacerating the decedent's heart in a subsequent operation; these were questions of fact and should properly have been submitted to the jury.

Appeal from Kent, John H. Vander Wal, J. Submitted Division 3 April 4, 1974, at Lansing. (Docket No. 15838.) Decided June 24, 1974.

Complaint by Katherine Richardson, executrix of the estate of Jack A. Richardson, deceased, against Ralph J. Schlosser, James T. Lee, Deane T. Smith, and Butterworth Hospital for medical malpractice. Judgment for defendants. Plaintiff appeals. Reversed and remanded as to defendant Schlosser, affirmed as to other defendants.

*Sinas, Dramis, Brake, Turner, Boughton & McIntyre, P. C.,* for plaintiff.

*Hillman, Baxter & Hammond,* for defendant Schlosser.

*Cholette, Perkins & Buchanan* (by *Edward D.*

References for Points in Headnote
61 Am Jur 2d, Physicians and Surgeons §§ 198, 213.
Malpractice: diagnosis of fractures or dislocations. 54 ALR2d 273.

*Wells),* for defendants Smith, Lee, and Butterworth Hospital.

Before: Danhof, P. J., and Quinn and V. J. Brennan, JJ.

Quinn, J. This is a wrongful death action arising out of the death of plaintiff's husband allegedly caused by the medical malpractice of the defendants. At the conclusion of plaintiff's proofs, the trial court granted defendants' motions for directed verdicts of no cause of action. Judgments in favor of defendants entered and plaintiff appeals.

At defendant hospital on February 7, 1969, defendant Schlosser, assisted by Dr. Lee, performed a left internal mammary artery implant operation on Jack A. Richardson. In order to reach the site of the operation, the patient's sternum had to be split and spread open. At the conclusion of the operation, the two sides of the sternum were approximated and held in place by two strands of no. 18 stainless steel wire.

After some recovery, the decedent still experienced movement in his chest. A postoperative examination by defendant Schlosser on April 28, 1969 disclosed a nonunion of the two sides of the sternum. May 5, 1969, a second operation was performed at defendant hospital by defendant Schlosser, assisted by defendant Smith, to repair the nonunion of the sternum.

Due to adhesions which had formed between the heart and the underside of the sternum, it was necessary to dissect the heart from the sternum before repair of the nonunion of the sternum could be accomplished. During the dissecting, the patient's heart was inadvertently lacerated one and one-half to two inches causing bleeding from the

heart. The patient died from cardiac arrest due to hemorrhage.

In her complaint, plaintiff alleged the following acts of negligence on the part of defendant Schlosser:

(a) Failure to completely close and suture the tunnel site in the operation of February 7, 1969.

(b) Failure to proximate and adequately to secure the split sternum.

(c) Failure to discover the nonunion of the sternum until April 28, 1969.

(d) "That said defendant failed to carefully evaluate the complications that might be present in connection with the operation of May 5, 1969, so that all possible precautions could be taken."

(e) "That said defendant failed to recognize that the extensive adhesions encountered on the May 5, 1969 operation presented a hazard or risk of injury to the heart itself, which was too great to justify going ahead with the operation without first making special preparations to minimize the risk to the extent possible."

(f) Failure to identify tissues lying under the sternum before cutting into them.

(g) Further cutting of these tissues after bleeding occurred from a laceration of the heart causing a second laceration of the heart.

(h) Failure to make advance preparation for repairing a laceration to the heart.

(i) Failure to x-ray before operating to repair sternum.

By amended complaint, plaintiff alleged that defendant Schlosser failed to obtain an informed consent from decedent before the operation of May 5, 1969.

As to defendant Smith, plaintiff alleged he was negligent in not suggesting that an x-ray be or-

dered prior to the operation of May 5, 1969 and in not suggesting that defendant Schlosser seek help in consultation after the first laceration of the heart. Defendant Smith was not charged with lacerating the heart.

Defendant hospital was charged with failing to establish and enforce procedures and safeguards to insure that a qualified heart surgeon was in charge of the operation and to insure necessary back-up personnel for the operation.

Viewed in the light most favorable to plaintiff, the record establishes jury submissible fact questions on the following allegations of negligence with respect to defendant Schlosser:

1. Defendant Schlosser's failure to proximate and adequately secure the split sternum at the operation of February 7, 1969.

2. Defendant Schlosser's inadvertent laceration of the heart. The expert testimony and the doctrine of *Higdon v Carlebach,* 348 Mich 363; 83 NW2d 296 (1957), create this fact question.

Similarly viewed, the record discloses no factual support for the allegations of negligence on the part of defendants Smith and Butterworth Hospital.

In the event of retrial, plaintiff may, on proper foundation laid, offer proof of future losses arising from decedent's death.

Affirmed as to defendants Smith and Butterworth Hospital with costs to these defendants.

Reversed and remanded as to defendant Schlosser with costs to plaintiff.

All concurred.